UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                              )
RON DIXON, As Conservator for )
Beatrice Jiggetts,            )
                              )
     Plaintiff,               )
                              )
     v.                       )     Civil Action No. 09-1789 (RWR)
                              )
MIDLAND MORTGAGE CO.,         )
                              )
     Defendant.               )
_____)

### MEMORANDUM OPINION AND ORDER

Plaintiff Beatrice Jiggetts brings this action against the defendant, Midland Mortgage Company ("Midland"), alleging claims of trespass, conversion, and breach of contract arising out of Midland changing the locks and foreclosing on her home. Midland moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that its home entry was authorized because Jiggetts defaulted on her mortgage and abandoned her home, that the law of conversion applies to personal property and not real property, and that the complaint fails to allege the elements of a contract. Because conversion applies only to chattel, Midland's motion to dismiss Jiggetts's conversion claim will be granted. However, because the complaint amply states a cause of action for both trespass and breach of contract and Midland does not show it

was authorized to enter Jiggetts's home, Midland's motion to dismiss Jiggetts's trespass and breach of contract claims will be denied.

BACKGROUND

Jiggetts co-owned with Charles L. Chesley a single-family home located in Washington, D.C. (Compl. ¶ 4.) For the past several years, however, Jiggetts has lived in a nursing home because she suffers from dementia. While Jiggetts was in the nursing home, Chesley was to make the monthly mortgage payments on the property, but failed to do so. (Id. ¶ 5.) Thus, Midland chose to foreclose. (Id. ¶ 6.)

Jiggetts alleges that, on approximately July 16, 2009, her conservator, Ron Dixon, came to an agreement with Midland to postpone the foreclosure sale until August 19, 2009 in order to give Dixon an opportunity to secure a buyer for the house and avoid foreclosure. (Id. ¶ 10.) Midland then scheduled a foreclosure sale for August 19, 2009. (Id. ¶ 7.) During the last week of July, Dixon found a potential buyer and asked Chesley to prepare the property for the potential buyer's visit. (Id. ¶ 11.) When Chesley arrived, he discovered that the locks on the property had been changed. (Id.) Chesley and Dixon contacted Midland, and Midland's attorney told them that the deed

of trust authorized Midland's entry into the property.  (Id.) Midland ultimately gave Dixon the combination to unlock the house.  (Id. ¶ 12.)

Jiggetts brought suit in the Superior Court of the District of Columbia alleging that Midland's entry into the property and alteration of the locks constituted trespass and conversion (id. ¶¶ 14-19) and a breach of contract.  (Id. ¶¶ 21-24.)  Midland removed this action to federal court on the basis of diversity jurisdiction and now moves to dismiss, arguing that it cannot be held liable for trespass because it had a superior possessory interest in the property, that the law of conversion applies to personal property only, and that Jiggetts has failed to state a claim for breach of contract.[1]

## DISCUSSION

"'To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, acceptable as true, to "state a claim to relief that is plausible on its face."'"  Anderson v. Holder, 691 F. Supp. 2d 57, 61 (D.D.C. 2010) (brackets omitted) (quoting Ashcroft v. Iqbal, 129 S. Ct.

---

[1] Midland also argues that its motion should be granted because Jiggetts's opposition brief was not timely filed.  (Def. Midland Mortgage Co.'s Reply to Opp'n to Mot. to Dismiss at 1.) Although Jiggetts's opposition was filed beyond the time prescribed by the local civil rules, the circumstances here support abiding by the general judicial preference for resolving disputes on their merits rather than dismissing them based on technicalities.  See, e.g., Niedermeier v. Office of Baucus, 153 F. Supp. 2d 23, 27 (D.D.C. 2001).

1937, 1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007))). A court considering a 12(b)(6) motion takes all factual assertions within the complaint as true and gives a plaintiff "'the benefit of all inferences that can be derived from the facts alleged.'" <u>Id.</u> (quoting <u>Holy Land Found. for Relief & Dev. v. Ashcroft</u>, 333 F.3d 156, 165 (D.C. Cir. 2003)). Those inferences, however, must be supported by the facts alleged, and merely asserting legal conclusions as facts will not suffice. <u>Id.</u> "[A] court 'may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [a court] must take judicial notice.'" <u>U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.</u>, 685 F. Supp. 2d 129, 133 (D.D.C. 2010) (alteration in original) (quoting <u>Trudeau v. FTC</u>, 456 F.3d 178, 183 (D.C. Cir. 2006)). A document outside the complaint may be considered on a motion to dismiss under Rule 12(b)(6) if it is "referred to in the complaint and [is] integral to" the plaintiff's claim. <u>Kaempe v. Myers</u>, 367 F.3d 958, 965 (D.C. Cir. 2004).

I.  TRESPASS CLAIM

Under District of Columbia law, "'[a] trespass is an unauthorized entry onto property that results in interference with the property owner's possessory interest therein.'" <u>Sarete, Inc. v. 1344 U St. Ltd. P'ship</u>, 871 A.2d 480, 490 (D.C. 2005) (quoting Richard R. Powell, <u>Powell on Real Property</u> § 64A.02[1]

at 64A-16 (Michael A. Wolf ed., 2000)). Jiggetts contends that Midland trespassed on her property when it entered her property and changed the locks. Midland does not dispute that it entered the property and changed the locks. Its sole argument against Jiggetts's trespass claim is that its entry was lawful because Jiggetts abandoned the property. (Def.'s Mem. at 3-4.)

Midland's argument is misguided, however. In the District of Columbia, abandonment is defined as an anticipatory breach wherein a tenant "'leaves the premises vacant with the avowed intention not to be bound by [the] lease.'" Jones v. Cain, 804 A.2d 322, 331 (D.C. 2001) (quoting Simpson v. Lee, 499 A.2d 889, 894 (D.C. 1985)). The complaint does not allege or concede facts reflecting that Jiggetts intended to abandon her property. Instead, the complaint reflects that Jiggetts had every intention of maintaining the monthly mortgage payments. (See, e.g., Compl. ¶ 5 ("While [Jiggetts was] in the nursing home, Chesley was supposed to be making the monthly mortgage payments on the subject property.").) Moreover, while Midland claimed that the deed of trust authorized Midland to enter the property upon default (see id. ¶ 11), Midland has not presented any copy of the deed of trust mentioned in the complaint or any other agreement granting it the right to enter the property upon Jiggetts's failure to make the mortgage payments. Because Jiggetts has pled that Midland entered her property without consent and changed the

locks, preventing entry by the owners, and Midland has failed to show it was otherwise authorized to take that action, Midland's motion to dismiss Jiggetts's trespass claim will be denied.

II. CONVERSION CLAIM

Under District of Columbia law, conversion is defined as the "'intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.'" Edmonds v. United States, 563 F. Supp. 2d 196, 202 (D.D.C. 2008) (quoting Fed. Fire Protection Corp. v. J.A. Jones/Tompkins Builders, Inc., 267 F. Supp. 2d 87, 92 n.3 (D.D.C. 2003)). A chattel is defined as "'[m]ovable or transferable property; personal property; . . . [or] a physical object . . . not the subject matter of real property.'" Doe ex rel. Doe v. Fed. Express Corp., 571 F. Supp. 2d 330, 333 (D. Conn. 2008) (quoting Black's Law Dictionary (8th ed. 2004)) (first alteration in original). Jiggetts argues that the defendant "converted [her] leasehold interest, in the subject property, to [its] own interest" by entering the property and changing the locks. (Pl.'s Opp'n at 3.) However, the leasehold interest in her home is the subject matter of real property and is not chattel, see District Of Columbia v. Place, 892 A.2d 1108, 1112 (D.C. 2006), and the law of conversion does not apply to

real property.  Midland's motion to dismiss Jiggetts's conversion claim will be granted.

III. BREACH OF CONTRACT CLAIM

A contract is formed when there is an offer, an acceptance, and valuable consideration, see Paul v. Howard Univ., 754 A.2d 297, 311 (D.C. 2000), and a contract can be made orally or in writing.  See Ames v. HSBC Bank USA, N.A., Civil Action No. 06-2039 (RMC), 2007 WL 1404443, at *2 (D.D.C. May 11, 2007).  The complaint alleges that Midland "agreed to postpone the foreclosure until August 19, 2009, in order to allow [Dixon] to attempt to sell the property to avoid the foreclosure" and that the defendant breached an agreement when it entered the property and changed the locks.  (Compl. ¶¶ 10, 22.)  Midland contends that the breach of contract claim must be dismissed because "plaintiff attaches no proof of such an agreement to the Complaint."  (Def.'s Mem. at 6.)

On a motion to dismiss, a plaintiff is not required to prove each element of her claim.  Instead, she is merely required to plead facts that, if proven, would establish the elements of her claim.  Moreover, while Jiggetts fails to plead facts reflecting that Midland breached an agreement to postpone the foreclosure sale because she does not allege that a foreclosure sale took place before August 19, 2009, Jiggetts's complaint can be read to state a claim that Midland breached the parties' mortgage

agreement. The complaint refers generally to a contract and states that Midland breached an agreement by breaking into and changing the locks on the doors. (Compl. ¶ 22.) Further, Jiggetts's opposition states that "[w]hen the Defendant changed the locks . . . without an order of the court to do so, it was a breach of their mortgage contract[.]" (Pl.'s Opp'n at 4.) Because a court is to grant the plaintiff the benefit of all inferences derived from the facts alleged, and the complaint -- read in the light most favorable to Jiggetts -- contains sufficient factual matter to state a claim for breach of the parties' mortgage agreement, Midland's motion to dismiss Jiggetts's breach of contract claim will be denied.[2]

---

[2] Plaintiff seeks punitive damages on each of her claims (Compl. ¶¶ 16, 19, 24), which the defendant opposes. In the District of Columbia, "punitive damages are not available [w]here the basis of a complaint is . . . breach of contract[,]" Caston v. Butler, Civil Action No. 08-1656 (JDB), 2010 WL 2505591, at *1 (D.D.C. June 22, 2010) (first alteration in original) (internal quotation marks omitted), unless the plaintiff alleges that the breach of contract "'merges with, and assumes the character of a willful tort[.]'" Cambridge Holdings Group, Inc. v. Fed. Ins. Co., 357 F. Supp. 2d 89, 97 (D.D.C. 2004) (quoting Brown v. Coates, 253 F.2d 36, 39 (D.C. Cir. 1958)). Further, in order to recover punitive damages, "[plaintiff] must 'prove, by a preponderance of the evidence, that the [defendant] committed a tortious act, and by clear and convincing evidence that the act was accompanied by conduct and a state of mind evincing malice or its equivalent.'" Butera v. District of Columbia, 235 F.3d 637, 657 (D.C. Cir. 2001) (quoting Jonathan Woodner Co. v. Breeden, 665 A.2d 929, 938 (D.C. 1995)). The tortious act must be accompanied by "fraud, ill will, recklessness, wantonness, oppressiveness, wilful disregard of the plaintiff's right, or other circumstances tending to aggravate the injury." Id. (internal quotation marks omitted). Jiggetts alleges that the defendant's trespass was "willful, wanton, intentional, [and]

CONCLUSION AND ORDER

Because conversion applies only to chattel, Midland's motion to dismiss Jiggetts's conversion claim will be granted. However, the complaint alleges a trespass and, read in the light most favorable to Jiggetts, a breach of contract claim. Thus, Midland's motion to dismiss Jiggetts's trespass and breach of contract claims will be denied. Accordingly, it is hereby

ORDERED that Midland's motion [5] to dismiss be, and hereby is, GRANTED in part and DENIED in part. Jiggetts's conversion claim is dismissed, but Midland's motion is denied in all other respects.

SIGNED this 29th day of June, 2010.

/s/
RICHARD W. ROBERTS
United States District Judge

---

malicious" (Compl. ¶ 15), and that her breach of contract claim "merges with and assumes the character of a willful tort." (Id. ¶ 24.) Such allegations, if proven, could entitle her to punitive damages. Thus, defendant's motion to dismiss Jiggetts's punitive damages claim will be denied.