SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION
IN THE OFFICIAL REPORTERS

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RON DIXON**, As Conservator for Beatrice Jiggetts,<br><br>Plaintiff,<br><br>v.<br><br>**MIDLAND MORTGAGE CO.**,<br><br>Defendant. | Civil Action No. 09-cv-1789 (RLW) |

## MEMORANDUM OPINION AND ORDER[1]

This case springs from activity surrounding the foreclosure of property owned by Beatrice Jiggetts in Washington, D.C. Acting as Ms. Jiggetts' conservator, Plaintiff Ron Dixon ("Plaintiff") brought this action against Defendant Midland Mortgage Company ("Midland"), asserting several common law claims arising out of Midland's foreclosure on Ms. Jiggetts' home. Midland eventually sought summary judgment, and on September 29, 2011, the Court granted Midland's motion and dismissed the entirety of the claims in Plaintiff's First Amended Complaint with prejudice. *See Dixon v. Midland Mortg. Co.*, No. 09-cv-1789, 2011 U.S. Dist. LEXIS 111471 (D.D.C. Sept. 29, 2011). Plaintiff then pursued an appeal of that decision with the District of Columbia Circuit, but the Court of Appeals ultimately dismissed that appeal for

---

[1] This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or, alternatively, to assist in any potential future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. *Cf.* FED. R. APP. P. 32.1. Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

lack of prosecution. *See* Order, USCA Case No. 11-7128 (D.C. Cir. June 19, 2013).[2] The Circuit's mandate was recently docketed in this case on September 13, 2013. (*See* Dkt. No. 62). One final matter remains outstanding before this Court: Midland's Motion for Sanctions. (Dkt. No. 57). The Court resolves that issue now.

Midland filed its Motion for Sanctions on October 10, 2011, approximately two weeks after the Court's dismissal of Plaintiff's First Amended Complaint. Therein, Midland invokes Federal Rule of Civil Procedure 11 in seeking "an award of attorneys' fees, costs, and such other expenses incurred as a result of Plaintiff's filing and service of a frivolous Complaint and First Amended Complaint filed in violation of Rule 11." (*See* Dkt. No. 57 at ECF p. 1). According to Midland, "[c]onsidering the totality of facts known to Plaintiff and his counsel, . . . [they] were required to dismiss the Complaints prior to the Court's ruling on Defendant's Motion for Summary Judgment." (*Id.* at ECF p. 3). All told, Midland seeks to recover $91,300.00 in attorneys' fees and an additional $2,406.07 in costs, against both Mr. Dixon personally and against his attorney, Wendell Robinson. (*Id.* at ECF pp. 15-22). Inexplicably, and despite the sizeable amount of the award sought by Midland, Plaintiff never filed any semblance of an opposition to Midland's sanctions motion. Plaintiff simply noticed an appeal on October 26, 2011. (Dkt. No. 58). This inaction prompted Midland to file a "Supplement" on October 27, 2011, asking the Court to deem its Motion for Sanctions conceded under Local Civil Rule 7(b). (Dkt. No. 59). Even still, Plaintiff filed nothing. At this stage, the Court has considered Midland's briefing, along with the record in this case and the governing authorities. While the Court is considerably dismayed by Mr. Dixon's and Mr. Robinson's cavalier decision to ignore

---

[2] Notably, during the pendency of the appeal, Dixon withdrew as conservator for Ms. Jiggetts, and Izu Ahaghtou was substituted in Dixon's stead. *See Notice of Response to Court's Order*, USCA Case No. 11-7128 (D.C. Cir. July 17, 2012).

Midland's motion, the Court concludes, for the reasons that briefly follow, that it must **DENY** Midland's Motion for Sanctions. Inasmuch as Midland seeks to recover costs, though, the Court will **GRANT** Midland's request pursuant to Federal Rule 54 and Local Civil Rule 54.1, and will therefore direct the Clerk of Court to tax costs in favor of Midland and against Plaintiff.

As mentioned, Midland seeks sanctions under Federal Rule of Civil Procedure 11(c), which "affords the district court the discretion to award sanctions when a party submits to the court pleadings, motions or papers that are presented for an improper purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support." *First Bank v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510 (6th Cir. 2002) (citing FED. R. CIV. P. 11(b)(1)–(3)).

Importantly, a party seeking sanctions under Rule 11 must comply with certain procedural requirements, including the so-called "safe-harbor" provision. Pursuant to the Rule's "safe-harbor" provision, a motion for sanctions may not be filed until at least 21 days after serving the motion on the offending party. *See* FED. R. CIV. P. 11(c)(2). "The purpose of the 21 days is to provide a 'safe harbor' against Rule 11 motions, 'in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.'" *ResQNet.com, Inc. v. Lansa, Inc,*, 594 F.3d 860, 874 n.2 (Fed. Cir. 2010) (quoting FED. R. CIV. P. 11, advisory committee's notes (1993 Amendments)); *see also Holgate v. Baldwin*, 425 F.3d 671, 679 (9th Cir. 2005) ("One purpose of the safe harbor requirement is to provide parties with proper notice of the allegations against them and an adequate opportunity to cure the alleged deficiencies."). In this case, however, there is no indication anywhere in Midland's submissions that it provided the requisite 21-days advance

notice to Plaintiff.³ Having failed to comply with the "safe-harbor" provision, Midland is precluded from recovering sanctions under Federal Rule 11. *See, e.g.*, *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008) ("If the twenty-one [safe-harbor] period is not provided, the motion must be denied."); *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029-30 (8th Cir. 2003) (reversing sanctions award for failing to comply with Rule 11's procedural requirements, including the safe-harbor provision); *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000) (same); *See also* Gregory P. Joseph, SANCTIONS: THE FEDERAL LAW OF LITIGATION ABUSE § 17(A)(2), at 2-305 (4th ed. 2002) ("Failure to follow this [21-day safe-harbor] procedure requires denial of the motion.").

Furthermore, Midland's sanctions motion must be denied for an additional, albeit related, reason. Midland did not seek sanctions under Rule 11 until after the Court granted summary judgment in its favor and dismissed this action. In view of the Rule's "safe-harbor" provision, Midland must have served its Rule 11 motion before the conclusion of this case, to provide Plaintiff a chance to cure the allegedly offending representations. *See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004) ("Because the rule requires that the party submitting the challenged pleading be given an opportunity to withdraw the pleading, sanctions cannot be sought after summary judgment has been granted."); *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997) ("[A] party cannot wait until after summary judgment to move for sanctions under Rule 11."); *see also* 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE §1337.2, at 727 (3d ed. 2004) ("[S]ervice of a

---

³ Along with the absence of any certification from Midland, the content of Midland's motion makes clear that it did not serve its motion on Plaintiff at least 21 days before filing, as Rule 11(c)(2) requires. In particular, Midland's briefing repeatedly references the Court's dismissal of Plaintiff's claims on September 29, 2011, less than two weeks before Midland filed its motion on October 10, 2011.

4

sanctions motion after the district court has dismissed the claim or entered judgment prevents giving effect to the safe harbor provision or the policies and procedural protections it provides, and it will be rejected."); *see also* FED. R. CIV. P. 11, advisory committee's notes (1993 Amendments) ("Given the 'safe harbor' provisions . . . , a party cannot delay serving its Rule 11 motion until conclusion of the case.").

For both of these reasons, therefore, Midland's request for sanctions under Federal Rule 11—including its entreaty for attorneys' fees—must be denied.

Along with Rule 11, though, Midland's motion also relies on Federal Rule of Civil Procedure 54(d)(2), which provides that "costs—other than attorney's fees—should be allowed to the prevailing party," generally as a matter of course. FED. R. CIV. P. 54(d)(2). Though the Court cannot award Midland any relief under Rule 11 for the reasons stated, the Court will construe Midland's costs-based request as a bill of costs under Rule 54(d)(2) and Local Civil Rule 54.1, and will consider such relief accordingly. Per this Court's Local Rules, a bill of costs must be filed within 21 days after entry of judgment. D.D.C. LCvR 54.1(a). Midland's request is thus timely. Moreover, based on its independent review of Midland's costs bill and supporting documentation, (*see* Dkt. No. 57 at ECF pp. 20-22)—and particularly in the absence of any objection or response on Plaintiff's part whatsoever—the Court concludes that Midland's claimed costs are properly recoverable. Accordingly, the Court will direct the Clerk of Court to tax costs against Plaintiff and in favor of Midland in the total amount of $2,426.07.

## CONCLUSION

For the foregoing reasons, Midland's Motion for Sanctions is **GRANTED IN PART** and **DENIED IN PART**. Midland's request for sanctions under Federal Rule of Civil Procedure 11, including Midland's request for attorneys' fees, is **DENIED**. To the extent Midland seeks to

recover its costs, however, the Court **GRANTS** Midland's request pursuant to Federal Rule 54(d)(2) and Local Civil Rule 54.1, and accordingly directs the Clerk of Court to tax costs against Plaintiff and in favor of Midland in the amount of $2,426.07.

**SO ORDERED.**

Date: September 25, 2013

                                                        ROBERT L. WILKINS
                                                        United States District Judge